UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Nereyda Concepcion Solis-Ocon,

        Debtor.

Case No. 19-27917-rmb

Chapter 13

## DECISION ON TRUSTEE'S MOTION TO VACATE DISCHARGE

This matter is before the Court on the chapter 13 trustee's motion to vacate the order discharging the debtor entered on October 23, 2023. The trustee asserts that he made a mistake in entering a creditor's claim into his computer system, and that he erroneously failed to pay that creditor before issuing a notice that the debtor had completed plan payments. For the reasons set forth below, the Court will grant the trustee's motion.

The debtor filed a chapter 13 petition on August 15, 2019, and the debtor's chapter 13 plan was confirmed on November 12, 2019. (ECF Nos. 1, 16.) The terms of the confirmed plan required the debtor to pay the trustee $1,224 each month for 56 months. (ECF No. 5 at 2.) As relevant here, the plan provides that the debtor would surrender a TV that served as collateral for a claim held by Mariner Finance. (*Id.* at 3.) Under the terms of the plan, any deficiency that remained after disposition of the collateral would be treated as an unsecured claim. (*Id.*) As also relevant here, the plan provided that unsecured claims will be paid at 100%. (*Id.* at 4.)

On October 23, 2019, Mariner Finance filed a claim in the amount of $1,939.33. (Claim No. 18.) The claim indicates that the entire amount is unsecured and that the basis of the claim is "unsecured personal loan." (*Id.*) Presumably this amount is the deficiency remaining after disposition of the TV. Though the entire claim is listed as unsecured, an employee in the office of the chapter 13 trustee incorrectly entered Mariner Finance's claim into the trustee's software system as a secured claim. (ECF No. 67 at 1-2.) With the claim categorized as secured, and the

plan providing no payment on the secured claim due to the surrender of the collateral, the trustee did not make any payments to Mariner Finance. (*Id.*)

In September 2023, even though there were several months left in the plan term, the debtor decided to pay the remaining balance on the plan. The debtor is an over median debtor and can end her chapter 13 plan before the end of 60 months if she pays all unsecured creditors in full. The debtor requested that the trustee provide her with the balance left to be paid under the plan, the debtor paid the full amount due as represented by the trustee, and the trustee filed a notice of completion of plan payments on September 28, 2023. (ECF No. 53.) The Court entered an order discharging the debtor pursuant to 11 U.S.C. § 1328(a) on October 23, 2023. (ECF No. 57.)

The error in categorizing the Mariner Finance claim caused the trustee to provide an incorrect payoff amount to the debtor, and the trustee did not pay Mariner Finance's unsecured claim as he should have. The trustee discovered the error on October 28, 2023 when a notice was filed indicating that Mariner Finance had assigned its claim to another entity. (*See* ECF No. 59.) The trustee then filed a withdrawal of his notice of completion of plan, followed by a motion to vacate the discharge order. (ECF Nos. 61, 67.)

The trustee's motion to vacate relied solely on Federal Rule of Civil Procedure 60(a), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024. That rule provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The trustee argued that his employee had made a clerical mistake when entering the Mariner Finance claim into the software system, and that the Court should correct the mistake by vacating the discharge order.

The debtor objected to the trustee's motion. The debtor argued that the discharge order does not contain any errors or mistakes, and that relief under Rule 60(a) is therefore unavailable. The debtor also argued that the only avenue for vacating a discharge order is under 11 U.S.C. § 1328(e), which requires fraud on behalf of the debtor.

The Court held a hearing on the motion on December 5, 2023. During the hearing, the Court held that the trustee could not seek relief under Rule 60(a). The Seventh Circuit has said that "[i]f the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *United States v. Griffin*, 782 F.2d 1393, 1396-1397 (7th Cir. 1986). Here, the discharge order itself captures the full intended meaning – it grants a discharge under 11 U.S.C. § 1328(a) and includes no errors to be corrected.

The trustee's counsel then raised the possibility that relief might be available under Rule 60(b). The Court invited the parties to submit supplemental letter briefs. Having reviewed the parties' supplemental briefs, the record, and the applicable law, the Court concludes that it is appropriate to vacate the discharge order under Rule 60(b)(1).[1]

Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable

---

[1] The parties now agree that § 1328(e) does not prevent the Court from vacating a discharge order pursuant to Rule 60(b). In a case involving 11 U.S.C. § 727(d), the Seventh Circuit held that a discharge order entered by mistake could be vacated without proof of one of the requirements in the statute. *See Disch v. Rasmussen*, 417 F.3d 769, 778-79 (7th Cir. 2005) (holding that a bankruptcy court can "reopen an order of discharge for one of the reasons recognized by Bankruptcy Rule 9024" even where the conditions specified in § 727(d) are not present). The language of § 727(d)(1) is nearly identical to § 1328(e), so the Seventh Circuit's holding in *Disch* should apply here. *See In re Bethe*, No. 11-25388-GMH, 2017 WL 3994813, at *3 (Bankr. E.D. Wis. Sept. 8, 2017) (citing *Disch* and holding in a chapter 13 case that "Rule 60(b) affords an alternative source of authority for a bankruptcy court to vacate its discharge order").

neglect." Fed. R. Civ. P. 60(b)(1). This case presents the sort of mistake contemplated by the rule.

Two analogous cases, one from another judge in this court, are persuasive. In *In re Cisneros*, the trustee did not receive notice that the IRS had filed a proof of claim and, like the trustee in this case, believed all claims had been paid in full and issued a final report. 994 F.2d 1462, 1464 (9th Cir. 1993). The bankruptcy court entered an order discharging the debtors in reliance on the trustee's representation. *Id*. The IRS later moved to vacate the discharge order, and the bankruptcy court granted the motion, relying on Rule 60(b) as authority. *Id*. The Ninth Circuit affirmed. The court noted that the debtors were not entitled to a discharge under § 1328(a) because they had not, in fact, completed "all payments under the plan." *Id.* at 1466 (quoting 11 U.S.C. § 1328(a)). The discharge order was entered "under a misapprehension as to the facts of the case." *Id.* at 1467. The court held that "this is precisely the sort of 'mistake' or 'inadvertence' that Rule 60(b) was intended to reach." *Id.*

In *In re Bethe*, the debtors' chapter 13 plan required them to make regular post-petition mortgage payments directly to the mortgage creditor. No. 11-25388-GMH, 2017 WL 3994813, at *1 (Bankr. E.D. Wis. Sept. 8, 2017). After the chapter 13 trustee filed a notice that the plan payments to the trustee had been completed, the court entered an order discharging the debtors. *Id.* Several days later, however, the mortgage creditor timely filed a response to the trustee's notice indicating that the debtors had not made several post-petition mortgage payments as required under the plan. *Id.* The court considered *sua sponte* whether the discharge order should be vacated because the debtors had not made all payments under the plan. *Id.* at 2. The court concluded that the discharge order could be vacated under Rule 60(b)(1) because it resulted from a mistake – *i.e.*, the court mistakenly determined, based on the trustee's notice, that the debtors had made all payments under the plan. *Id.* at *3.

Ultimately, the court in *Bethe* concluded that it was not appropriate to vacate the discharge order. The court noted that "[a] court need not vacate an order granting discharge simply because it was erroneous." *Id.* at *4. Rather, "[i]n deciding whether to grant relief from a final order, a court must consider whether the equities of the particular case before it warrant that relief," and the Seventh Circuit has instructed that "'the relief provided by Rule 60(b) is equitable in character and to be administered upon equitable principles.'" *Id.* (quoting *Di Vito v. Fidelity & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966)). The court held that the equities did not favor vacating the discharge order because in the intervening months the debtors had cured the missed mortgage payments by renegotiating the loan with the mortgage creditor. *Id.*

Here, the Court concludes that the equities of this case favor granting the trustee's motion to vacate the discharge order. The debtor did not make sufficient payments to the trustee to pay all unsecured creditors in full, so she has not completed "all payments under the plan" as required for a discharge under § 1328(a). The trustee brought his motion less than a month after the discharge order was entered, and the Court finds that the motion was "made within a reasonable time" as required by Rule 60(c)(1). *See* Fed. R. Civ. P. 60(c)(1). Moreover, the timing is such that there are several months remaining in the five-year period available to complete plan payments under 11 U.S.C. § 1322(d). Finally, vacating the discharge order will not adversely affect the debtor because she always expected she would need to pay all unsecured claims in full before receiving a discharge.

The Court will enter a separate order consistent with this decision.

Dated: December 19, 2023



Rachel M. Blise
U.S. Bankruptcy Judge